PER CURIAM.
This is an appeal from an order of the trial court which dismissed plaintiffs’ amended complaint without providing leave to amend.
The trial court correctly determined that plaintiffs’ complaint failed to state a cause of action. More particularly, we agree that the allegations as to the decedent’s status, the duty owed to her, and the defendant’s negligence were totally inadequate. Further, there was no pleading basis advanced whereby immunity vel non could be determined as it was not shown that the county’s operation of the lake in question was conducted in a proprietary or a governmental capacity. Ground two of defendant’s motion to dismiss lacked merit, at least at this stage of the proceedings.
From a careful survey of the complaint and the inferences to be gained from it, we believe that plaintiffs should be allowed an additional opportunity to amend, hopefully with better preparation and advice. 25 Fla.Jur., Pleadings, §§ 102, 104, and 105. We express no opinion as to whether such effort will, or should be, successful— only that they should have another chance to properly state their grievance.
The order of dismissal is affirmed. The failure to give leave to amend is reversed and the case remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part.
REED, C. J., and WALDEN and OWEN, JJ., concur.